[Southern Railway Co. v. Cleveland, et al.]

# Southern Railway Co. *v.* Cleveland *et al.*

*Damages for Removing Sand.*

(Decided June 15, 1909. 50 South. 122.)

*New Trial; Grounds; Mistake or Accident.*—A corporation succeeding to the rights of another corporation is presumed to know the extent and character of the rights of their predecessor; and the fact that its predecessor in title had certain rights under a statute, of which it is alleged that the corporation defendant was ignorant at the time of the trial, does not furnish sufficient ground for rehearing on account of surprise, accident, etc., within the meaning of section 5372, Code 1907.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Toulmin Cleveland and others brought suit against the Southern Railway Company for damages, for the removal of certain sand, and had judgment. The defendant moved for a new trial on account of surprise, accident, mistake, etc., setting up that under a certain statute, they were entitled to certain rights and privileges, and that they were ignorant of the statute at the time of the trial. The motion for rehearing was denied, and defendant appeals. Affirmed.

BESTOR, BESTOR & YOUNG, for appellant.—Under the facts made by the petition and evidence, the defendant was entitled to a rehearing.—*Cox v. M. & G.*, 44 Ala. 611; *Wilson v. Wilson*, 113 Ala. 670; 14 Ency P. & P. 723; 23 Cyc. 1030, et seq.; 16 South. 353; Acts 1865-6, p. 412. The proceedings under section 5372, is a substitute for a bill in equity.—*Renfroe v. Merriman*, 71 Ala. 196.

[Southern Railway Co. v. Cleveland, et al.]

GAILLARD & MAHORNER, and GREGORY L. & H. T. SMITH, for appellee. Counsel discuss the original case, and cite authorities in support of their contention that no mistake was made by the court in the original trial, either as to charges given and refused, or evidence admitted and excluded, and insist that there being no error in the trial, defendant was not entitled to a rehearing under section 5372, Code 1907.

McCLELLAN, J.—The only question presented on this appeal relates to the action of the court below in sustaining demurrer to the application for rehearing, filed by defendant (appellant) under Code 1907, § 5372. The original suit sought a recovery against this appellant for the removal of sand from lands claimed by plaintiffs. There was judgment for plaintiffs, appellees. The defendant, it is said, was the successor in right and title of the Mobile & Alabama Grand Trunk Railroad Company, incorporated by special act of the General Assembly of this state.—Acts 1865-66, p. 405. By section 20 therein a right of way 100 feet wide over state lands was, under certain conditions, granted the incorporation. The defendant (appellant here) proceeded to trial, and tried the original suit in ignorance, it is alleged, of the grant set out in section 20. It could not and did not produce any muniment of title otherwise to the land involved in this litigation. After the trial counsel for appellant accidentally discovered section 20 of the act of incorporation cited. The application for a rehearing is based upon this discovery. The demurrer took the point that the stated facts did not bring the application within the prerequisites of the statute (section 5372) to the granting of a rehearing.

We pretermit, as unnecessary to be now decided, the question whether the title of the act of incorporation was sufficient to comprehend the grant attempted to be effected by section 20. The statute does not authorize the granting of a rehearing in every case of "surprise, accident, mistake, or fraud," but fixes the additional condition that such casualties intervened "without fault" on the part of the complaining party. If the appellant succeeded to the rights and titles of the original company, it cannot be held to have been without fault in not knowing the source, extent, and character of the rights and titles of the kind here involved received by it from the original company. If appellant was ignorant of the provision of section 20 of an act of the General Assembly of this state, it could only be because of its neglect to acquaint itself, not only with its own rights, abstractly considered, but also with rights attempted to be created by governmental action. It must be presumed that the appellant knew of the provisions of the act on which its asserted title and rights rest; and this presumption necessarily convicts it of negligence to its own hurt in not knowing the provisions of section 20.

The demurrer was properly sustained. The judgment below is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.