# Turner *v.* Davis.

## *Statutory Penalty for Cutting Trees.*

(Decided April 9, 1914. 64 South. 958.)

1. *Evidence; Ancient Papers; Acknowledgment.*—Where the paper offered was more than thirty-eight years old, the absence of an acknowledgment did not prevent its admissibility as a deed without proof of execution, or a certified copy thereof, since the curative statutes makes such a deed self-proving.

2. *Same; Deeds; Time of Recording.*—As section 3374, Code 1907, does not require a deed to be recorded within any particular time, a deed was not rendered inadmissible in evidence because not recorded within a year after its execution.

3. *Same; Certified Copies.*—Where the certificate sufficiently designated each instrument as if it had been made separately to each, the fact that the certificate to copies of a deed and power of attorney offered in evidence was joint instead of separate, would not authorize the exclusion of such certificate.

4. *Husband and Wife; Conveyance By; Separate Acknowledgment.*—Where the property conveyed was not homestead property a deed by the husband and wife was sufficient to convey the husband's title whether the wife's separate acknowledgment was sufficient or not.

5. *Appeal and Error; Harmless Error; Evidence.*—Since Acts 1911, p. 192, makes a patent prima facie evidence of the sale of the land and of the payment of the purchase money, any error in admitting evidence to prove payment of the purchase money by the holder of the land certificate was harmless.

6. *Same; Instructions.*—Where plaintiff was entitled to the general charge except as to the claim for the statutory penalty of $10 a tree, and the verdict was for only $122.54, and the uncontroverted evidence showed that there was not less than 80 trees cut, it is apparent that the jury did not find for the plaintiff on the penalty, and hence, the giving of plaintiff's special instructions and the refusal of such instructions to defendant was harmless error.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Matthew L. Davis against Honor R. Turner. From a judgment for plaintiff, defendant appeals. Affirmed.

The plaintiff offered in evidence a certified copy of patent from the United States to the state of Alabama

conveying the swamp and overflow land, and covering the land in question. Plaintiff next offered certified copy of patent from the state of Alabama to the Mobile & Ohio Railroad Company, which is objected to on the grounds stated in the opinion, also deed of trust from Mobile & Ohio Railroad to the Farmers' Loan & Trust Company, power of attorney from Farmers' Loan & Trust Company, to E. L. Russell and Henry Tacon, and conveyance under the power to Frank Moore. The deed of trust was attested by A. L. Willoughby, secretary, and acknowledged before Charles Nettleton, commissioner of deeds for the state of Alabama, certifying that William H. Hays, T. Haskins Dupuy, and William Butler Duncan, executed the same on behalf of the railroad and the receivers, and that the same was accepted by the trust company. The deed to Moore was executed by Russell and Tacon, as attorneys in fact for the Farmers' Loan & Trust Company. This deed was executed February 18, 1892, acknowledged on the 28th of February, and filed for record May 16, 1893. The certificate of the probate judge was that the within and foregoing pages contain a full, true, and complete copy of the following instruments: First, deed from state of Alabama, to the Mobile & Ohio Railroad Company, as the same appears of record in my office in Swamp and Overflow Book, p. 125; second, deed of trust from Mobile & Ohio Railroad Company to Farmers' Loan & Trust Company, as the same appears of record in my office in Mortgage Book 18 (N. S.) p. 346; third, deed from Farmers' Loan & Trust Company to Frank Moore as the same appears of record in my office in Deed Book 70 (N. S.) pp. 397, 498; fourth, power of attorney from Farmers' Loan & Trust Company to E. L. Russell, and Henry Tacon, as the same appears of record in my office in Miscellaneous Book L, p. 696.

[Turner v. Davis.]

HAMILTON & THORNTON, for appellant. The court erred in admitting the paper writing purporting to be a patent of the state of Alabama to the M. & O. Railway Company.—*So. Ry. v. Cleveland*, 53 South. 769; § 135, Constitution 1901. The court erred in admitting the trust deed to the Farmers' Loan & Trust Co.—*Ayers v. Roper*, 111 Ala. 651; 79 N. W. 365; 47 S. E. 312; *Parker v. Boutwell*, 119 Ala. 327. The acknowledgment to the deed and power of attorney was fatally defective, and the court erred in admitting them.—*Parker v. Boutwell, supra; Jackson v. Kirksey,* 110 Ala. 547; *E. T. V. & G. v. Davis*, 91 Ala. 615. The Moore deed was not properly acknowledged, and was improperly admitted in evidence.—§ 4161, Code 1907; *Orr v. Blackwell*, 93 Ala. 217. A deed from Brown to Davis was improperly admitted as not self-proving.—§ 992, Code 1896. The court erred in admitting the certified copies of the ledger in the state treasurer's office.—*So. Ry. v. Cleveland, supra.* The court should have given charges 2, 5 and 6 requested by appellant.—*Glenn v. Adams*, 129 Ala. 190; *Russell v. Irby*, 13 Ala. 131. The court erred in refusing charge 7.—*Robinson v. Bullock*, 66 Ala. 548. The court erred in refusing charges A and B, C and D. —*So. Ry. v. Cleveland, supra; Carpenter v. Joiner*, 151 Ala. 454.

GREGORY L. & H. T. SMITH, for appellee. Several of the objections made by appellant would have been unquestionably good under the authority of *So. Ry. v. Cleveland*, 169 Ala. 22, but for the fact that since such decision was rendered, the Legislature has passed Acts 1911, p. 192, making documents of the character prima facie evidence of the sale and transfer of the land described, and of the payment of the purchase money therefor. The payment of the purchase money being

thus established, this particular sale was ratified and confirmed by Acts 1878-9, p. 198, now § 882, Code 1907. This evidence and these statutes constituted complete evidence of the passage of the title from the state to the M. & O. R. Co.—*Jordan v. McLure L. Co.,* 170 Ala. 289. It is equally clear that defendant has no title, as he relied upon § 879 of the Code, while § 882 specially provides that nothing shall be construed as to authorize the trustees of the insane asylum to interfere with or disturb the sale made prior to the confirmatory act above cited. An owner cannot maintain conversion on account of the severing of trees from the freehold against a party in adverse possession until the owner reclaims possession.—*Beaty v. Brown,* 76 Ala. 267; *Cooper v. Watson,* 73 Ala. 252. But here the owner had regained possession. The trust deed had been recorded more than thirty years at the time it was sought to be introduced, and any of its defects were healed by the curative statutes passed since that time.—§ 3382, Code 1907. This is equally applicable to the power of attorney and the other deeds. The deed from Moore to Brown was sufficiently executed to carry a dower interest, and the land did not constitute a homestead, and hence, the deed was sufficient to carry the husband's title.—§§ 3818, and 4161, Code 1907; *Shelton v. Altman,* 82 Ala. 317; *Platt v. Rowan,* 45 South. 32; 1 Cyc. 534. The restriction as to the time of recording has been removed.—§ 3374, Code 1907. The certified copies were properly admitted. —*Jordan v. McLure L. Co., supra.*

ANDERSON, C. J.—The complaint in this cause contains a count for the statutory penalty for cutting trees on the land described therein as well as counts in trespass and trover for taking or converting the trees; the plaintiff relying upon title to the land and constructive

[Turner v. Davis.]

possession as incident to said title, there being no adverse possession shown by the defendant, as the only acts of possession were those of cutting and removing the timber, the defendant claiming that he and not the plaintiff is the owner of the land, and was therefore the owner of the trees.

The first, and perhaps the most important question in this case, is the soundness of the ruling of the trial court in permitting the plaintiff to trace title to the land by certain certificates and patents to same pur-. porting to be signed by Robert B. Lindsey, then Governor of Alabama, by his secretary, Chardavoyne, and which were not executed by the Governor under the seal of the state. It is practically. conceded, and, indeed, has been held by this court, that such patents did not operate to convey the state's title to the patentee, and that Acts of 1878-79, p. 198, did not cure the defect unless it was shown that the purchase money had been paid.—*So. R. R. Co. v. Cleveland,* 163 Ala. 470, 50 South. 122. On the other hand, it was held in the case of *Jordan v. McClure Lumber Co.,* 170 Ala. 289, 54 South. 415, that said act of 1879 cured the defect, and that the purchaser acquired the title to the land when the proof showed the payment of the purchase money. 'The Legislature, realizing the justice of the claims of many citizens who held lands under said patents, and further realizing the great difficulty of showing the payment of the purchase money after the lapse of approximately 40 years, passed Act of 1911, p. 192, authorizing the admission of such documents in evidence and making them prima facie evidence of any sale or transfer of said land therein recited, and of the payment of the purchase money there- · for. This act was not passed before the trial of the cases supra, and was not therefore considered or referred to in either of said cases, but it was a law when this case

was tried, and as said act made the documents and recitals therein prima facie evidence of the payment of the purchase money, under the authority of *Jordan v. McClure Co., supra,* the act of 1879 operated to confirm, or convey, the title of the patentee in and to the lands for which the patent was issued by said "Chardavoyne."

. The only ground of objection made to the introduction of the deed from the Mobile & Ohio Railroad and W. Butler Duncan, et al., was that it was not properly ."acknowledged in conformity with the statutes of Alabama." It may be that the acknowledgment was defective, but the deed was attested by witness Willoughby, and the acknowledgment, though defective as such, operated as an attestation by Chas. Nettleton, who attempted to take the acknowledgment. The fact that the acknowledgment was defective did not prevent the admissibility of the deed, or certified copy in evidence, without proof of the execution of same more than 30 years after the execution and recordation of said deed, as curative statutes have been passed by nearly every Legislature, making such documents self-proving.

Nor was the certified copy of the power of attorney to Russell and Tacon and the deed from the Farmers' Loan & Trust Company to Frank Moore objectionable for the reason that the certificate of the probate judge as to the authenticity of same was joint instead of separate. The certificate sufficiently sets out and designates each of the instruments, and was as efficacious as if a separate certificate was attached to each instrument.

There was no error in the admission of the deed from Frank Moore to Thos. Brown, as it was good to convey the title of said Brown, whether the separate acknowledgment of 'the wife was sufficient or not, unless it was the homestead, and there was no proof that it was the

homestead. The deed was attested, which made it valid
as to the dower of the wife whether the acknowledgment
as to her was sufficient or not. Moreover, unless the
land was the homestead, a conveyance by Moore alone
would carry the legal title into Brown, subject to the
dower right of the wife of Moore.

The trial court did not err in admitting in evidence
the deed from Thos. M. Brown to the palintiff, Davis,
for the reason that it was not recorded within a year
after the execution of same. It may be that, under the
statute of 1896 (section 992 of the Code of 1896) it was.
not self-proving, unless recorded within 12 months, but
said section, as brought forward as section 3374 of the
Code of 1907, omits the time in which it must be record-
ed. As to whether or not the failure to record same was.
prejudicial to the defendant, this fact did not appear
when the deed was offered, nor did such a fact subse-
quently appear, as the defendant made no attempt to
show a purchase under Brown. He claimed from the
Insane Asylum, which acquired only certain lands own-
ed by the state, and not disposed of under the certifi-
cates and patents in question, and he had record evi-
dence and constructive notice that the plaintiff's gran-
tor and his predecessors in title had conveyances to the
land involved.

The trial court may have erred in admitting copies.
of the ledger in the treasurer's office, as the payments
did not show a connection with the land in question,
but this error was without injury to the appellant, as.
this evidence was but a mere attempt to show by cumu-
lative evidence the payment of the purchase money by
the holder of the certificates, and which fact was shown
by the documents under the act of 1911, and which was
not disputed.

As we view this case the plaintiff was entitled to the
general charge, except perhaps as to the count for the

statutory penalty, and we can safely say that the jury did not find for the plaintiff under this count. The verdict was for only $122.54, and this would be for only about 12 trees at the statutory price of $10 per tree. While there was no proof as to the exact number of trees cut, there was proof as to the number of logs, and the highest number of logs to the tree did not exceed 4, and the plaintiff's evidence showed over 400 logs and the defendant admitted getting 320 logs, which would not be less than 80 trees. Therefore, to hold that the jury found for the plaintiff under the count for the statutory penalty would result in convicting them either of utterly disregarding the evidence or of imbecility. As the jury did not find for the plaintiff under the penalty count, and as the general charge could have been given for the plaintiff under the other counts, the giving of plaintiff's special charges, or the refusal of those requested by the defendant, if error, was error without injury.

The judgment of the circuit court is affirmed.
Affirmed.

McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.